SUMMARY ORDER
Plaintiffs-appellants Ralph Vargas and Bland-Ricky Roberts (collectively “Plaintiffs”) appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, J.) entered on May 18, 2007, granting defendants-appellees East West Communications, Inc. and Brian Transeau’s (collectively “Defendants”) motion for summary judgment and dismissing the case, and from a judgment entered on September 18, 2008, awarding attorneys’ fees of $175,000 in favor of Defendants. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
A. Summary Judgment Decision
We review the grant of summary judgment de novo, “examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant.” Sheppard v. Beerman, 317 F.3d 351, 354 (2d Cir.2003). Because Plaintiffs would bear the burden at trial of demonstrating that Aparthenonia copied Bust Dat Groove, Defendants “may satisfy their burden under Rule 56 by showing ‘that there is an absence of evidence to support [an essential element] of the nonmoving party’s case.’ ” Repp v. Webber, 132 F.3d 882, 890 (2d Cir.1997) (alteration in original) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Plaintiffs may not avoid summary judgment by “rely[ing] simply on conclusory allegations or speculation ..., but instead must offer evidence to show that [their] version of the events is not wholly fanciful.” Jorgensen v. Epic/Sony Records, 351 F.3d 46, 51 (2d Cir.2003) (omission in original) (internal quotation marks omitted).
In a copyright infringement case, a plaintiff must show, inter alia, the “unauthorized copying of the copyrighted work.” Id. “Because copiers are rarely caught red-handed, copying has traditionally been proven circumstantially by proof of access and substantial similarity.” Gaste v. Kaiserman, 863 F.2d 1061, 1066 (2d Cir.1988). Proof of access may be inferred “where there are striking similarities probative of copying.” Repp, 132 F.3d at 889. Here, Plaintiffs relied on the reports and testimony of three experts to establish that Aparthenonia and Bust Dat Groove were strikingly similar. The district court determined, however, that this evidence was insufficient to create a genuine issue of fact, explaining, inter alia, that the expert reports and testimony were both internally and externally inconsistent. See Vargas v. *460 Transeau, 514 F.Supp.2d 439, 444-46 (S.D.N.Y.2007). Plaintiffs contend that the district court’s treatment of their expert evidence was improper at the summary judgment stage. We disagree.
Although Plaintiffs are correct that the district court must view the facts and evidence in the light most favorable to them at summary judgment and “must be wary of granting summary judgment when conflicting expert reports are presented,” Town of Southold, v. Town of E. Hampton, 477 F.3d 38, 52 (2d Cir.2007), Plaintiffs cannot avoid summary judgment simply by submitting any expert evidence, particularly where that evidence is both internally and externally inconsistent. See, e.g., Jorgensen, 351 F.3d at 56 (rejecting appellant’s argument that two works were strikingly similar because the evidence offered by certain appellant witnesses was both internally inconsistent and contradicted by other appellant witnesses).
Furthermore, “[a] plaintiff has not proved striking similarity sufficient to sustain a finding of copying if the evidence as a whole does not preclude any reasonable possibility of independent creation.” Gaste, 863 F.2d at 1068. Here, Defendants offered ample evidence to establish a reasonable possibility of independent creation. Although Plaintiffs submitted an affidavit in opposition to that evidence, mere assertions, and equivocal ones at that, are insufficient to satisfy their burden at summary judgment. Plaintiffs’ argument that the district court lacked the authority to consider Defendants’ supplemental affidavits regarding independent creation is without merit. See Fed. R.Civ.P. 56(e).
B. Attorneys’ Fee Decision
After the district court granted summary judgment, Defendants moved for attorneys’ fees and costs pursuant to 17 U.S.C. § 505. The district court granted that motion and awarded Defendants $175,000. We review this decision for abuse of discretion. See Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); Matthew Bender & Co. v. West Publ’g Co., 240 F.3d 116, 121 (2d Cir.2001).
In evaluating whether an award of attorneys’ fees is warranted in a copyright infringement case, this Court places great emphasis on whether a plaintiffs claims were objectively reasonable. See Matthew Bender, 240 F.3d at 122. Here, the district court found that they were not. Plaintiffs challenge this decision, arguing that it is “difficult, if not impossible,” to find that their claims were not objectively reasonable given that (1) the court had to ask for more evidence from Defendants before granting summary judgment, (2) Plaintiffs had prevailed on Defendants’ first summary judgment motion, (3) Plaintiffs successfully settled with three of the five defendants, and (4) Plaintiffs “initially] survived Defendants’ second motion for summary judgment.” None of these arguments, however, demonstrates that the district court abused its discretion in awarding attorneys’ fees.
Plaintiffs’ contention that the attorneys’ fees award was inappropriate because it will cause them financial ruin similarly is to no avail. The district court carefully considered Plaintiffs’ financial situation before awarding fees, and it specifically noted that it was awarding an amount significantly below what would have been reasonable under the lodestar method because such an award — $797,000—-would threaten Plaintiffs with financial ruin. We see no error in the district court’s decision.
We have considered all of Plaintiffs’ arguments and find them to be without mer *461 it. Accordingly, the judgments of the district court are hereby AFFIRMED.